No. 23-2330

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

RYAN P. GIVEY,
*Appellant,*

v.

UNITED STATES DEPARTMENT OF JUSTICE and
JENNIFER ARBITTIER WILLIAMS,
*Appellees.*

---

Appeal from Order Granting Motion to Dismiss in Civil Action No. 2:22-cv-00298-NIQA in the United States District Court for the Eastern District of Pennsylvania (Honorable Nitza I. Quiñones Alejandro)

---

## BRIEF FOR APPELLEES

---

JACQUELINE C. ROMERO
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

VERONICA J. FINKELSTEIN
Assistant United States Attorney
615 Chestnut St., Suite 1250
Philadelphia, PA 19106
(215) 861-8598

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ............................................................. 1

ISSUES PRESENTED ............................................................................. 2

INTRODUCTION ................................................................................... 3

STATEMENT OF THE CASE .................................................................. 4

SUMMARY OF THE ARGUMENT ......................................................... 7

ARGUMENT ........................................................................................... 9

   I.  Standard of Review ............................................................... 9

   II.  Givey's claims were so insubstantial as to deprive the court of

   subject matter jurisdiction. ...................................................... 9

   III. Givey was not entitled to the relief sought. .................................. 11

CONCLUSION ...................................................................................... 14

CERTIFICATIONS ............................................................................... 15

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Heckler v. Ringer*, 466 U.S. 602 (1984) ....................................................11

*Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) .......................................12

*Millbrook v. United States*, 569 U.S. 50 (2013) ......................................12

*Oneida Indian Nation v. Cnty of Oneida*, 414 U.S. 661 (1974) ...............9

**Federal Court of Appeals Cases**

*Bergmann v. United States*, 689 F.2d 789 (8th Cir. 1982)......................13

*Doe v. Civiletti*, 635 F.2d 88 (2d Cir. 1980)..............................................12

*Garcia v. United States*,
   666 F.2d 960 (5th Cir.), *cert. denied*, 459 U.S. 832, (1982) .................13

*Gould Elecs. Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000)..............9

*Harmon Cove Condominium Ass'n, Inc. v. Marsh*,
   815 F.2d 949 (3d Cir. 1987) ...................................................................11

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991)...9, 10

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) .....9

*Naporano Metal and Iron Co. v. Secretary of Labor*,
   529 F.2d 537 (3d Cir. 1976) ...................................................................11

*Pooler v. United States*, 787 F.2d 868 (3d Cir. 1986) .............................12

*Richardson v. United States*,
   465 F.2d 844 (3d Cir. 1972) ...................................................................11

**Federal Statutes**

28 U.S.C. § 1291................................................................. 1

28 U.S.C. § 1331................................................................. 1

**Federal Regulations**

28 C.F.R. § 0.111(c)......................................................... 12

**Rules**

Fed. R. Civ. Pro. 12(b)(1) ............................................... 9

## JURISDICTIONAL STATEMENT

As discussed below, the district court correctly ruled that it lacked subject matter jurisdiction over Appellant Ryan P. Givey's claims because the claims are insufficient to support subject matter jurisdiction. However, the district court had jurisdiction to determine its own jurisdiction over Givey's asserted claims arising under federal law. *See* 28 U.S.C. § 1331.

This court has appellate jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED

1. Givey's *pro se* petition for writ of mandamus alleged an incredible conspiracy against him by secret societies, the mob, and other non-federal actors over whom the federal defendants—former United States Attorney Jennifer Arbittier Williams, in her official capacity, and the Department of Justice—lacked control. Should this Court affirm the district court's dismissal because these allegations are insufficiently substantial to confer subject matter jurisdiction?

*Suggested answer*: Yes

2. As relief for his mandamus claims, Givey sought an order compelling an FBI investigation, federal prosecution, and that he and his family be admitted into the witness protection program. Should this Court affirm the district court's holding on the alternative basis that the district court lacked the authority to order the relief sought?

*Suggested answer*: Yes

## INTRODUCTION

Givey claims to be the victim of a widespread conspiracy against him involving everyone from family members and former employers to secret societies and the mob. In his *pro se* petition for writ of mandamus, he criticized the federal government for failing to investigate the conspiracy and prosecute those responsible. He also sought an order compelling the admittance of him and his family into the witness protection program. The district court properly concluded that Givey's claims were insufficiently substantial to confer the court with subject matter jurisdiction and, moreover, that Givey was not entitled to the relief sought. This Court should affirm the district court on both grounds.

## STATEMENT OF THE CASE

Givey alleges that he experienced a series of professional and personal difficulties because he was the target of a vast conspiracy. (Doc. No. 1, Petition ¶¶ 78-521.)[1] He was subject to negative performance reviews, harassment, and obstacles in achieving employment-related goals. (*Id.* ¶¶ 78-206, 280-282, 317-328, 473-480.) He litigated a personal injury case arising from a car accident and was dissatisfied by the performance of the attorneys handling the case. (*Id.* ¶¶ 207-279.) He had conflict over trash removal and fire codes with the borough where Givey's rental property was located. (*Id.* ¶¶ 329-398.) He fought with his ex-wife, who eventually divorced him, as well as with others in his family. (*Id.* ¶¶ 399-461.) He was both issued a citation for careless driving and found to have caused a second car accident. (*Id.* ¶¶ 462-473, 481-490.) His mental health was evaluated against his will, he was committed, and he was forced to received mental health treatment. (*Id.* ¶¶ 266, 269, 271-272, 275, 491-508.)

---

[1] Unless otherwise stated, all citations herein refer to documents filed in the district court in case 22-cv-00298.

These and other difficulties convinced Givey that he was the target of a vast criminal conspiracy orchestrated by secret societies and the mob. (*Id.* ¶¶ 284-316, 509-521, 702-704.) He alleges that, medical professionals have deemed Givey mentally ill based on these allegations. (*Id.* ¶¶ 272, 566, 588, 590.) He alleges that he was granted disability benefits on this basis. (*Id.* ¶¶ 495, 498, 499, 501, 503, 586, 587.)

In April 2015, Givey reported his suspicions to the FBI. (*Id.* ¶ 569.) He thereafter observed events leading him to believe he was under surveillance by the conspirators. (*Id.* ¶¶ 570-591.) He alleges that the FBI failed to investigate his suspicions. (*Id.* ¶¶ 592-699.)

Givey filed a *pro se* mandamus petition in the district court on January 24, 2022. (Doc. No. 1.) Among other relief, Givey asked the district court to order the admittance of him and his family into the witness protection program. (*Id.* ¶ 709.)

Givey originally named Jennifer Arbittier Williams, in her official capacity as the former United States Attorney for the Eastern District of Pennsylvania, as the only respondent to his petition, but later

requested that summons be issued to both the former United States Attorney and the Department of Justice.

After some delay caused by Givey's failure to properly serve his petition,[2] the government filed a motion to dismiss on November 29, 2022. (Doc. No. 21.) In its motion, the government raised numerous grounds for dismissal, including a lack of subject matter jurisdiction and that Givey was not entitled to the relief sought. *Id.*

On July 14, 2023, the district court granted the government's motion to dismiss, concluding it lacked jurisdiction and could not order the relief sought. (Docs. No. 29, 30.) Ten days later, Givey filed a notice of appeal. (Doc. No. 31.)

––––––––––––––––––––

[2] Givey also docketed several additional filings that are immaterial to the instant appeal.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Givey's mandamus claims for two reasons. This Court should affirm on both grounds. First, the district court properly concluded that it lacked jurisdiction over Givey's claims. Givey's allegations are incredible—so incredible that they do not support federal court jurisdiction. His petition for writ of mandamus alleges that his personal difficulties were caused by a widespread conspiracy against him. He alleges the conspirators include secret societies and the mob. Medical professionals have deemed him mentally ill for espousing them. He has been awarded disability benefits for believing them.

The FBI had no obligation to investigate Givey's incredible allegations. The U.S. Attorney's Office had no obligation to prosecute based on them. And the district court was not required to discount all logic and credit these same allegations for purposes of allowing Givey to litigate them in federal court. The district court properly deemed these allegations insufficient to support jurisdiction. This Court should affirm.

7

Second, the district court properly concluded that it lacked authority to grant the relief Givey sought. Givey sought to compel a federal investigation and prosecution. Givey also sought admission into the witness protection program. Investigation and prosecution are discretionary. Admission into the witness protection program is discretionary.[3] As a private citizen, Givey was not entitled to compel any of this government action. The district court properly concluded that it lacked the power to grant mandamus relief where Givey exclusively sought discretionary action. This Court should affirm.

---

[3] Moreover, it is not within the purview of either a United States Attorney or the FBI. Instead, it is the United States Marshals Service that handles admittance into the program.

# ARGUMENT

## I.    Standard of Review

This Court exercises plenary review over a dismissal for lack of subject matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

## II.    Givey's claims were so insubstantial as to deprive the court of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A district court may, therefore, dismiss a complaint or petition under Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1).

Dismissal under Rule 12(b)(1) may be predicated on the legal insufficiency of a claim. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A facial attack on the legal sufficiency of a claim of a federal question will succeed where the claim is "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy . . ." *Oneida Indian Nation v. Cnty of Oneida*, 414 U.S. 661, 666 (1974).

9

Here, the district court properly determined that Givey's claims were insufficient to confer federal court jurisdiction. Givey alleges a vast and implausible criminal conspiracy against him orchestrated by secret societies and the mob. (Doc. No 1, Petition ¶¶ 284-316, 509-521, 702-704.) As Givey alleges, his conspiratorial allegations have been evaluated by mental health professionals and Givey has been committed, deemed mentally ill, and granted disability benefits on the basis of his belief in this conspiracy. (*Id*. ¶¶ 266, 269, 271-272, 275, 491-501, 503, 566, 586-588, 590.)

These allegations are truly outlandish. Although *pro se* litigants are entitled to the benefit of the doubt and Rule 12(b)(1) generally does not entail a merits evaluation, the claims here are so insubstantial and implausible that they were properly dismissed on this basis. This Court should affirm the district court's dismissal under Rule 12(b)(1).[4]

---

[4] Even if the Court declines to affirm on this basis, it should nonetheless affirm dismissal with prejudice. In cases where this Court has deemed dismissal under Rule 12(b)(1) inappropriate, it has nonetheless affirmed on the theory that a wholly implausible series of allegations fails to state a claim under Rule 12(b)(6). Where amendment would be futile because the allegations are fantastical, dismissal with prejudice under Rule 12(b)(6) is proper. *See, e.g., Kehr*, 926 F.2d at 1408-10. In addition,

### III.   Givey was not entitled to the relief sought.

A petition seeking mandamus must show a clear right to the relief sought. *See Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987) (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972) (*en banc*), *rev'd on other grounds*, 418 U.S. 166 (1974)). A writ of mandamus will issue only in two circumstances: 1) where there is a clear non-discretionary duty owed, *Harmon Cove*, 815 F.2d at 951 (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); and 2) where the government exercised discretion in a manner "contrary to law and so plainly prohibited as to be free from doubt." *Naporano Metal and Iron Co. v. Secretary of Labor*, 529 F.2d 537, 542 (3d Cir. 1976).

Here, Givey seeks to compel the FBI to investigate his claims and prosecute those involved in the alleged conspiracy. He also seeks to compel admittance into the witness protection program. Givey cannot meet the high threshold for mandamus relief because he is entitled to

--------------------

the government's motion to dismiss in the district court raised numerous other grounds for dismissal, any of which provide alternative grounds for affirmance of the dismissal.

neither of these actions and the government's actions comport with the law.

Decisions as to whether to investigate and prosecute are quintessential examples of governmental discretion in enforcing the criminal law. *See Pooler v. United States*, 787 F.2d 868, 871 (3d Cir. 1986) (citations omitted)), *abrogated on other grounds by Millbrook v. United States*, 569 U.S. 50 (2013). A private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another citizen. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Stated another way, no citizen has an entitlement to see another citizen investigated or prosecuted.

Nor can a citizen claim entitlement to admission to the witness protection program. The Attorney General of the United States has delegated his authority to offer to provide "for the health, safety, and welfare of Government witnesses and their families" to the United States Marshals Service. 28 C.F.R. § 0.111(c). Whether or not a witness will be protected under the program is entirely within the government's discretion. *Doe v. Civiletti*, 635 F.2d 88, 96 (2d Cir. 1980). "One cannot receive protection simply on demand.*" Garcia v. United States*, 666 F.2d

960, 962 (5th Cir.), *cert. denied*, 459 U.S. 832, (1982); *see Bergmann v. United States*, 689 F.2d 789, 792-94 (8th Cir. 1982).

Givey's mandamus petition was properly dismissed because he was not entitled to the relief sought. Givey believed he was the victim of a conspiracy and he reported this allegation to the FBI. (Doc. No 1, Petition ¶ 569.) He was entitled to nothing further. He was not entitled to have the FBI investigate his implausible allegations. He was not entitled to have the U.S. Attorney's Office prosecute anyone based on these allegations. He was not entitled to be admitted into the witness protection program based on these allegations. The allegations were simply implausible and the FBI and U.S. Attorney were under no obligation to act based upon these allegations. Nor was the district court required to allow Givey to seek the relief sought in his mandamus petition based on these allegations. This Court should affirm the district court's dismissal under Rule 12(b)(1).

# CONCLUSION

The district court properly concluded that it lacked jurisdiction over Givey's petition for writ of mandamus and could not order the relief sought. On this basis, the district court dismissed the petition. This Court should affirm the dismissal.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s Gregory B. David /lyj
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

VERONICA J. FINKELSTEIN
Assistant United States Attorney
615 Chestnut St., Suite 1250
Philadelphia, PA 19106
Veronica.Finkelstein@usdoj.gov
(215) 861-8598

Dated: 8/29/23

## **CERTIFICATIONS**

1.     I certify that this brief contains 2,063 words, exclusive of the table of contents, table of authorities, and certifications, and therefore complies with the limitation on length of a brief stated in Federal Rule of Appellate Procedure 32(a)(7)(B), and was prepared in Microsoft Word using 14-point Century Schoolbook font, a proportionally spaced typeface, and therefore complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6).

2.     I certify that the electronic version of this brief filed with the Court was automatically scanned by McAfee Data Exchange Layer, version 6.0.0.241, and found to contain no known viruses.

3.     I certify that the text in the electronic copy of the brief is identical to the text in the paper copies of the brief filed with the Court.

VERONICA J. FINKELSTEIN
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the below date, I caused to be served the foregoing

appellate brief via regular postal mail on the following pro se litigant:


Ryan P. Givey
428 Hannum Ave
West Chester, PA 19380

Dated: 8/29/23


VERONICA J. FINKELSTEIN
Assistant United States Attorney